## J. Henry Hilboldt
### v.
## Calvin Caraker.

*Licenses—To Marry—Parties under Legal Age—Penalty—Pleading.*

1.  A county clerk is responsible for the act of his deputy in wrongfully issuing a marriage license.

2.  When a clerk or his deputy examines the persons proposing to marry as to their ages, the clerk will not be liable, a license having been issued through honest mistake.

3.  In an action to recover a penalty against a county clerk for wrongfully issuing a license for the marriage of a minor, a declaration averring that complainant is the parent, that defendant was the clerk and issued a license to complainant's child, then being a minor, without his consent, is enough.

[Opinion filed January 15, 1892.]

Appeal from the Circuit Court of Union County; the Hon. Oliver A. Harker, Judge, presiding.

Messrs. CRAWFORD & DODD, for appellant.

Messrs. D. W. KARRAKER and JAMES LINGLE, for appellee.

PHILLIPS, J. This is an action to recover a penalty against appellant by appellee for wrongfully issuing a license for the marriage of the minor daughter of appellee without his consent. The declaration is in proper form, averring that appellee is the parent, and that appellant was the clerk and issued license to appellee's child, then being a minor, without his consent. This is all that is necessary to aver. Gilbert v. Bone, 64 Ill. 518. It appears a license issued authorizing the solemnization of marriage between William T. Pratt and Ella Caraker, and they were duly married, and at the time of the issuing of the license and marriage Ella Caraker was a minor daughter of appellee residing with him. That license is signed J. Henry Hilboldt, county clerk, by James A. Peak, deputy county clerk; at the time the license issued the defendant was clerk and Peak was his deputy. There is no contention on the facts of the case; the only question presented by this record is, whether the clerk is responsible for the statutory penalty where the license is issued by his deputy. For the purpose of ascertaining the age of parties before issuing a license, the statute authorizes the clerk to examine either the parties, or any other witness, under oath. Where such examination is had and acted on by the clerk, for an honest error in issuing license he would not be liable for the statutory penalty. Gilbert v. Bone, *supra*. By Sec. 9, Chap. 25, Starr & C. Ill. Stats., the county clerk is authorized to appoint deputies, and by Sec. 10 of the same chapter it is provided that the principal clerk shall be responsible for the act of his deputies. The deputy clerk acting for the clerk had a right to issue a license where it could be rightfully done. To determine whether it might rightfully issue he had the same right to examine either the parties, or other witnesses, on oath, that the clerk had under the statute. Had the deputy made such examination on oath, of either the parties or other witnesses, and acted honestly on the evidence in issuing the license, it would have

protected the defendant.   If the deputy fails to make such examination and issues a license for the solemnization of the marriage of a minor, without the parent's consent, the penalty would be incurred by the principal.   It is an official act of the principal.   It is urged with great earnestness that this being a penal act, the clerk is not responsible for the act of his deputy.   We do not deem it necessary to go into a discussion of this question, nor of the cases cited from the decisions of other States as sustaining that view, as we hold that on this question the legislation in this State is so explicit that there is no room for construction.   The clerk is responsible for the act of his deputy in wrongfully issuing the license in this case, and the judgment is affirmed.

*Judgment affirmed.*